IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE:   KEVIN DEAN STONE, et al.,

        Debtors.

PAUL E. GOFF,

        Appellant,

v.                                        CIVIL ACTION NO. 2:24-cv-00154

KEVIN DEAN STONE, et al.,

        Appellees.

MEMORANDUM OPINION AND ORDER

On November 12, 2024, the court held a Show Cause hearing as to the appellant, Paul E. Goff, for the consideration of sanctions and to show cause why he should not be held in civil contempt. Previously, the appellant failed to file his brief in accordance with the briefing schedule, [ECF No. 4], and he failed to respond to my earlier Show Cause Order, [ECF No. 5], in writing as directed. Thus, I scheduled the instant Show Cause hearing. [ECF No. 6]. Both appellant and his counsel Richard J. Lindroth failed to appear at the Show Cause hearing. Accordingly, I **DISMISSED** the appellant's appeal **WITH PREJUDICE**.

I.    **Legal Standard**

Pursuant to Rule 8003(a)(2) of the *Federal Rules of Bankruptcy Procedure*, a district court "has the discretion to dismiss an appeal if the appellant fails to comply with the procedural requirements of the bankruptcy rules, including failing to meet

the time limits for filing an appeal brief." *In re Broadnax*, 122 F. App'x 81, 82 (4th Cir. 2005); *see* Fed. R. Bankr. P. 8003(a)(2) ("An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court . . . to act as it considers appropriate, including dismissing the appeal."). However, in doing so, the court must take at least one of the following steps: "(1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives." *In re Broadnax*, 122 F. App'x at 82 (quoting *In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992)); *see also Strickland-Lucas v. Herr*, 600 F. Supp. 3d 585, 589 (D. Md. 2022).

## II.   Dismissal Under Rule 8003(a)(2)

Here, dismissal is plainly appropriate. The appellant was provided with numerous opportunities to explain the delay in prosecuting his appeal. First, he was ordered to show cause in writing why he should not be sanctioned for failure to comply with the briefing schedule. Second, he was ordered to appear before the court for the instant Show Cause hearing. Third, while on the record, I directed my courtroom deputy to call Mr. Lindroth, and the number on file with the court is no longer an active number.

Further, counsel for the appellees informed the court that the bankruptcy case has been resolved. The appellant was represented in the underlying bankruptcy case and the $2,475 sanction currently being appealed by the appellant was paid in full in

accord with the bankruptcy court's order. Appellant's delay in prosecuting the appeal has hindered the appellees from closing their bankruptcy case. There is no less drastic sanction available than dismissal when a party has failed to respond to court order and appear before the court.

It is **ORDERED** that this appeal be, and hereby is, **DISMISSED WITH PREJUDICE** and **STRICKEN** from the docket.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 13, 2024

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

3