IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE:   KEVIN DEAN STONE, et al.,

          Debtors.

PAUL E. GOFF,

          Appellant,

v.                                          CIVIL ACTION NO. 2:24-cv-00154

KEVIN DEAN STONE, et al.,

          Appellees.

MEMORANDUM OPINION AND ORDER

Pending before the court is appellant's motion for reconsideration and relief of judgment, [ECF No. 10], filed November 26, 2024. Appellees responded in opposition on December 10, 2024, [ECF No. 11], and appellant replied on December 20, 2024, [ECF No. 12]. This matter is now ripe for review.

I.    Background

On March 26, 2024, the appellant, Paul E. Goff, filed his Notice of Appeal and Statement of Election, [ECF No. 1], appealing Chief Bankruptcy Judge B. McKay Mignault's Order Imposing Sanctions. On November 13, 2024, I entered a Memorandum Opinion and Order dismissing the appellant's appeal with prejudice in this matter after the appellant failed to (1) file his brief in accordance with the briefing schedule, (2) reply to my show cause order in writing, and (3) appear before the court for a show cause hearing following his failure to comply to my earlier orders.

Now, counsel for appellant, Richard J. Lindroth, ("counsel") asserts that his failure to comply with my previous orders was due to mistake, inadvertence, and excusable neglect, and thus moves for relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. [ECF No. 10].

The court notes that neither the appellant nor appellee properly moved for relief under Part VIII of the Federal Rules of Bankruptcy Procedure, regardless I see no justification for relief.

## II. Legal Standard

Part VIII of the Federal Rules of Bankruptcy Procedure governs the appeals of bankruptcy judgments to district courts. Fed. R. Bankr. P. 8001(a). The Federal Rules of Civil Procedure "apply to bankruptcy proceedings to the extent provided by the Federal Rules of Bankruptcy Procedure." Fed. R. Civ. P. 81(a)(2). "Rule 60 as applied by Bankruptcy Rule 9024 generally applies only to judgments or orders of the bankruptcy court, and not to judgments or orders of a district court exercising appellate jurisdiction in a bankruptcy case." *Conway v. Palczuk*, 733 F. Supp. 3d 430, 433 (E.D.N.C. 2024) (citing *Ben-Baruch v. Island Properties*, 362 B.R. 565, 566 (E.D.N.Y. 2007)). Thus, "[t]he exclusive avenue for post-judgment reconsideration of a district court's decision in a bankruptcy appeal is Fed. R. Bankr. P. 8022, not Fed. R. Civ. P. 60." *Reynolds v. Maryland Dep't of Lab., Licensing & Regul.*, No. CV ELH-17-3158, 2018 WL 5045192, at *1 (D. Md. Oct. 16, 2018); *see also Matter of Butler, Inc.*, 2 F.3d 154, 155 (5th Cir. 1993) (quoting *Matter of Eichelberger*, 943 F.2d 536, 538 (5th Cir. 1991) ("When the district court is acting as an appellate court in a bankruptcy case, 'Bankruptcy Rule [8022] provides the sole mechanism for filing a

motion for rehearing.'")).

Bankruptcy Rule 8022 provides "any motion for rehearing by the district court . . . must be filed within 14 days after a judgment on appeal is entered." Fed. R. Bankr. P. 8022(a)(1). "The motion must state with particularity each point of law or fact that the movant believes the district court . . . has overlooked or misapprehended and must argue in support of the motion." Fed. R. Bankr. P. 8022(a)(2). Bankruptcy Rule 8022 also states, "[u]nless the district court . . . requests, no response to a motion for rehearing is permitted." "Although [Bankruptcy] Rule 8022 is silent as to the appropriate standard for granting a motion for rehearing, district courts in this circuit have applied the same standard applicable to motions for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure." *Dandridge v. Scott, Tr. for Est. of Dandridge*, No. 3:18CV00051, 2019 WL 4228457, at *1 (W.D. Va. Sept. 5, 2019) (citing *Kelly v. Schlossberg*, No. 8:17-cv-03846, 2018 WL 4357486, at *2 (D. Md. Sept. 12, 2018)).

Rule 59(e) states "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." "Rule 59(e) motions may be granted '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Davis v. Fortune Inv. Enterprises*, No. 3:20CV78, 2020 WL 3052862, at *2 (E.D. Va. June 8, 2020) (quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)).

III. Analysis

As to the merits of the motion, counsel contends his contact information

3

provided in the "Pacer Attorney Tab" for this action incorrectly provides his address as 144 7th Ave, South Charleston, WV 25303, and a telephone number of (304)-744-0357. [ECF No. 10, at 2]. Counsel notes that any attempt to contact him at the above would have been unsuccessful. *Id.* Counsel states his correct contact information was provided on the Notice of Appeal and Statement of Election. [ECF No. 1].

Pursuant to Section 6.2 of *Administrative Procedures for Electronic Case Filing in the U.S. District Court for the Southern District of West Virginia*:

> An attorney whose e-mail address, mailing address, telephone or fax number has changed from that maintained by the PACER Service Center must: 1) update the information through PACER; and 2) timely file a Notice of Change of Attorney Information form available on the court's web site at www.wvsd.uscourts.gov in all cases affected by the attorney's move.

Clearly, it was within counsel's control to update this information. Ultimately, however, counsel's incorrect mailing address and phone number have no impact on whether or not he received electronic notice of my orders. Counsel's email address was *correctly listed* as "rpaladin@hotmail.com" for the entire duration of this appeal. A review of the docket shows the September 9, 2024 Order, [ECF No. 4]; October 17, 2024 Order, [ECF No. 5]; and November 1, 2024 Order, [ECF No. 6], were all mailed electronically to "rpaladin@hotmail.com." This is the same address counsel received electronic notification of the Judgment Order for this matter.

As the appellant was represented by counsel, throughout the pendency of his appeal, I consider his motion for relief or reconsideration pursuant to the standard set forth under Rule 59(e). Since the filing of the Judgment Order in this matter dismissing the appellant's appeal, there has been no change in controlling precedent,

no new evidence presented that was not previously available, and no clear error of law. Manifest injustice does not occur when a bankruptcy appeal is dismissed for an appellant's failure to prosecute under Bankruptcy Rule 8003(a)(2) following numerous opportunities for the appellant to appear and explain his failure.

### IV. Conclusion

Accordingly, appellant's motion for reconsideration and relief of judgment order, [ECF No. 10], is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this written opinion and order to counsel of record and any unrepresented party.

ENTER: January 14, 2025

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE